# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **ROBERT HURTE,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:08-0893** |
| ) | **(Criminal No. 5:06-0124)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FCI Gilmer, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on July 3, 2008.[1] (Document No. 168.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 170.)

## FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2006, Movant pled guilty to one count of distribution of cocaine (Count Two) in violation of 21 U.S.C. §§ 841(a)(1), and one count of being a felon in possession of a firearm (Count Six) in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Criminal Action No. 5:06-0124, Document Nos. 76 and 79.) A Presentence Investigation Report was prepared and the District Court sentenced Movant on December 11, 2006. (Id., Document No. 123 and 124.) The District Court ordered that Movant serve a 180-month term of incarceration, to be followed by a three-year term

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of supervised release. (Id., Document Nos. 123 and 126.) The District Court also imposed a $200 special assessment. (Id.)

On December 29, 2006, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 127.) In his appeal, Movant argued that (1) the District Court imposed an unreasonable sentence because it was greater than necessary to reflect the seriousness of the crime, promote respect for the law, promote adequate deterrence, and provide just punishment; and (2) the classification of Movant as a career offender overstates both the seriousness of his offenses and his criminal history. United States v. Hurte, 237 Fed.Appx. 871 (4th Cir. Aug. 13, 2007). On August 13, 2007, the Fourth Circuit affirmed Movant's conviction and sentence. Id. Movant filed a petition for certiorari in the United States Supreme Court, which was denied on January 7, 2008. Hurte v. United States, 552 U.S. 1123, 128 S.Ct. 963, 169 L.Ed.2d 770 (Jan. 7, 2008).

On July 3, 2008, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:08-0893, Document No. 168.) As grounds for *habeas* relief, Movant alleges as follows: (1) "Petitioner's two convictions were disqualified under § 4B1.2 because they did not, by definition of the guidelines, equal two felony convictions that would be counted separately under § 4A1.1(a), (b), or (c)" (Id., p. 2 - 3.); (2) "Petitioner could not be sentenced as a career offender due to the fact that his two prior felony convictions were the result of juvenile diversionary disposition and his sentences were suspended for such purposes" (Id., pp. 3 - 6.); (3) "Petitioner received his sentence as a result of ineffective assistance of counsel in violation of his Sixth Amendment right to counsel" (Id., pp. 6 - 8.); and (4) "Petitioner's original guideline range was significantly enhanced due to the misapplication of the career offender guideline under § 4B1.1" (Id., pp. 8 - 9.).

2

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which

could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

    **1.**     **Claim of Error in the Application of the Sentencing Guidelines.**

In Grounds One, Two, and Four, Movant claims that the District Court improperly classified him as a career offender pursuant to U.S.S.G. § 4B1.1(a). (Civil Action No. 1:08-0893, Document No. 168, pp. 2 - 6, 8 - 9.) Claims of errors under the Sentencing Guidelines, however, are generally not cognizable under Section 2255. The Fourth Circuit has explained as follows:

> [B]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

United States v. Pregent, 190 F.3d 279, 283 - 84 (4th Cir. 1999). Movant's sentence in the instant case did not exceed the statutory maximum authorized by his convictions (30 years).[2] Therefore, the undersigned finds that Movant's claim that the District Court improperly applied the Sentencing Guidelines to be without merit.

---

[2] The statutory penalties for Movant's convictions were as follows: (1) 20 years as to Count Two; and (2) ten years as to Count Six. *See* 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 924(a)(2).

## 2. **Movant's Claims of Ineffective Assistance of Counsel.**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

**(a)** *Counsel's failure to object to the calculation of Movant's prior convictions.*

Movant argues defense counsel acted ineffectively in failing to object to his aggravated robbery and controlled substance sentences being counted as separate sentences pursuant to U.S.S.G. § 4B1.1(a). Specifically, Movant contends that his aggravated robbery and controlled substance sentences should have been counted as a single conviction because he was sentenced on the same day as to both offenses, the sentences were ordered to run concurrently, and there was no "intervening arrest" between the two offenses[3].

U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was

---

[3] Petitioner argues there was no "intervening arrest" because he "did not receive any arrests between the two arrests used to qualify him as a career offender." (Document No. 168, p. 3, ¶ 4.)

at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[4] Section 4A1.2(a)(1) defines a "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(4). When a defendant has multiple prior sentences, U.S.S.G. § 4A1.2(a)(2) provides as follows:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separate by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

Based on the foregoing, the undersigned finds that defense counsel did not act ineffectively in failing to object to the calculation of Movant's prior sentences. According to the Presentence Report, Movant was arrested for his controlled substance offense on February 28, 2000, and his aggravated robbery offense on November 21, 2000. (Document No. 124, p. 14 and Document No. 124-1, p. 2.) On May 4, 2001, Movant pled guilty in the Circuit Court of Raleigh County to possession of a controlled substance with intent to deliver (01-F-27-H) and was "sentenced to one to five years in the West Virginia Penitentiary to run concurrently with sentence imposed in Case 01-F-3-H." (Document No. 124-1, p. 2.) Also on May 4, 2001, Movant pled guilty in the Circuit Court of Raleigh County to aggravated robbery (01-F-3-H) and was "sentenced to ten years in the

---

[4] Movant acknowledges that his aggravated robbery and possession of a controlled substance with the intent to deliver constituted felony convictions of either a crime of violence or a controlled substance offense. (Document No. 168, p. 2, ¶ 4.)

7

West Virginia Penitentiary to run concurrently with sentence imposed in Case 01-F-27-H." (Document No. 124, p. 14.) Although Movant was sentenced on the same date for both offenses and the sentences were ordered to run concurrently, the sentences were clearly imposed for offenses that were separated by an intervening arrest. Movant was arrested for his controlled substance offense on February 28, 2000, which was prior to the commission of his second offense (aggravated robbery) on November 14, 2000. (Document No. 124, p. 14 and Document No. 124-1, pp. 1 - 2.) As stated above, prior sentences are always counted separately if the sentences were imposed for offenses that were separate by an intervening arrest. The undersigned, therefore, finds that Movant's aggravated robbery and controlled substance sentences were properly considered as separate prior sentences. Accordingly, trial counsel was not ineffective in failing to object to the consideration of the sentences as two prior sentences.[5] See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not

---

[5] The Court notes that during the sentencing hearing, defense counsel argued that even though Movant had two prior sentences, these two sentences were imposed at the same time and served concurrently making Movant's circumstances different from those of a traditional career offender with at least two distinct prior sentences. (Document No. 137, pp. 7 - 8.) The District Court rejected the foregoing argument stating as follows (Id., pp. 9 - 10.):

> Mr. Hurte, in reviewing your history, I do note that you have two significant crimes. You caught a break on those by getting a concurrent sentence for the robbery conviction and the controlled substance conviction in the past. Those sentences could have been imposed consecutively, or separately, as there was some time separating the offenses themselves, but the judge in the case gave you a break with a concurrent sentence. It should have been a wake-up call. It apparently was not; and I don't think, as a result, you received - you received leniency before, I'm not inclined to give leniency in this instance. Accordingly, I am going to sentence you to the custody of the Federal Bureau of Prisons for a period of 180 months.

have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

**(b)** *Counsel's failure to argue that prior sentences were deferred judgments.*

Movant argues that defense counsel was ineffective in failing to argue that his aggravated robbery and controlled substance sentences were deferred judgments. Movant explains that both of his sentences were suspended following his successful completion a program at the Anthony Correctional Center. Movant, therefore, argues that his placement in Anthony Correctional Center resulted in "diversionary disposition," which disqualified the sentences from being counted as prior sentences.

The Guidelines provide that "[d]iversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted." U.S.S.G. § 4A1.2(f). A diversionary disposition, however, "resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted." Id.

The undersigned finds that defense counsel was not ineffective in failing to argue that Movant's aggravated robbery and controlled substance sentences were deferred judgments. Following Movant's plea of guilty to possession of a controlled substance with intent to deliver, the Circuit Court of Raleigh County imposed a one to five year sentence, suspended the sentence and committed Movant to Anthony Correctional Center for six months to two years. (Document No. 124-1, p. 2.) Following Movant's plea of guilty to aggravated robbery, the Circuit Court of Raleigh County imposed a 10 year sentence, suspended the sentence and committed Movant to Anthony

9

Correctional Center for six months to two years. (Document No. 124, p. 14.) Based on the foregoing, there was no "[d]iversion from the judicial process without a finding of guilt." Movant clearly pled guilty to both offenses. As stated above, a diversionary disposition resulting from a finding or admission of guilt is counted as a sentence under § 4A1.1(c). Additionally, Movant is incorrect in his assertion that he was prosecuted in juvenile court.[6] According to the Presentence Report, Movant was age 19 at the time of his arrest for the controlled substance offense and aggravated robbery. (Document No. 124, p. 14 and Document No. 124-1, p. 2.) Moreover, Movant's sentences were properly counted even though the sentences were suspended. The Guidelines provide that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." U.S.S.G. § 4A.1.2(a)(3). Therefore, defense counsel was not ineffective in failing to argue that Movant's aggravated robbery and controlled substance sentences were deferred judgments.

**(c)** *Counsel was ineffective in filing Movant's appeal.*

Movant alleges that defense counsel was ineffective in failing challenge his career offender status on appeal. Movant contends that counsel improperly failed to argue on appeal that (1) the aggravated robbery and controlled substance sentences were improperly calculated as two prior sentences, and (2) the aggravated robbery and controlled substance sentences were improperly counted because the sentences were deferred judgments.

---

[6] Juvenile means "a person who has not attained the age of eighteen years . . ." W.Va. Code § 49-5-1(b) and (d). Movant was placed in the Anthony Correctional Center pursuant to the Youthful Offenders Act. The purpose of the Youthful Offenders Act "is to provide appropriate facilities for the housing of young *adult* offenders convicted of or pleading guilty to violation of law before courts with original jurisdiction, who are amenable to discipline other than in close confinement, and to give better opportunity to young adult offenders for reformation and encouragement of self-discipline." W. Va. Code § 25-4-1(emphasis added).

The undersigned has considered and found no merit in Movant's above claims of ineffective assistance of counsel. Thus, when no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)("When defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. * * * If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."(Citation and quotation marks omitted.)) Furthermore, counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating that no decision "of this Court suggests...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The"[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(quoting Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). Therefore, Movant's claim of ineffective assistance of counsel on the above ground should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 168.) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: June 30, 2011.

R. Clarke VanDervort
United States Magistrate Judge